1
2
3
4                      UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    JOHN L. DAVIS,                          Case No.  25-cv-10630-TSH

8                        Plaintiff,

9            v.                             ORDER FOR SUPPLEMENTAL
                                            BRIEFING RE: MOTION FOR
10   BIVENS, et al.,                        INJUNCTION

11                       Defendants.        Re: Dkt. No. 4

12

13          Plaintiff filed this case on December 11, 2025, alleging a contractor named "Larry"

14   violated "all of my consultational [sic] rights" by "using the social networking website" to "send[]

15   out false notification [sic] to people on public transportation system, an [sic] neighborhoods,

16   stating that I am a sex offender looking for there [sic] children to have sex with them.  This is a ly

17   [sic]."  Compl. at 1-2, ECF No. 1.  The Court has granted Plaintiff's application to proceed in

18   forma pauperis and screened his complaint, directing him to file an amended complaint by January

19   15, 2026.  ECF No. 5.

20          Plaintiff has now filed a motion entitled "Federal Injunction Actions," asserting "Larry"

21   would like to "hit me in the head with me in my head with [sic] hammer or Kill me" and arrange

22   an assassination before plaintiff can "assert my U.S. Consultational [sic], an [sic] California

23   Consultational [sic].  I PRAY FOR RELIEF."  ECF No. 4.  Plaintiff's filing "PRAY[s] for this

24   Federal Injunction" and references "An Estoppel," but provides no other details.  It is unclear what

25   relief Plaintiff is seeking, but he is likely requesting the Court issue a preliminary injunction

26   against contractor Larry.

27          "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be

28   granted unless the movant, *by a clear showing*, carries the burden of persuasion.'"  *Lopez v.*

United States District Court
Northern District of California

1   *Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).  "A

2   plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

3   that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

4   equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def.*

5   *Council, Inc.*, 555 U.S. 7, 20 (2008).

6          Here, not only is it unclear what relief Plaintiff seeks, he also does not address the factors

7   set forth by the Supreme Court in *Winter*.  Accordingly, the Court **ORDERS** Plaintiff to file a

8   supplemental brief in support of his motion by January 15, 2026.  Plaintiff must (1) specify what

9   relief he is seeking and (2) establish that his request meets all the factors set forth in *Winter*.

10         As in its screening order, the Court encourages Plaintiff to seek assistance from the Federal

11  Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association

12  of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-

13  782-8982.  At the Federal Pro Bono Project, you will be able to speak with an attorney who may

14  be able to provide basic legal help but not representation.  More information is available at

15  https://www.cand.uscourts.gov/pro-se-litigants/.

16         Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a*

17  *Lawyer*, which provides instructions on how to proceed at every stage of your case.  The

18  handbook is available in person at the Clerk's Office and online at:

19  https://www.cand.uscourts.gov/pro-se-litigants/.

20         **IT IS SO ORDERED.**

21

22  Dated: December 22, 2025

23

24  THOMAS S. HIXSON
    United States Magistrate Judge

25

26

27

28