UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN L. DAVIS,

                Plaintiff,

     v.

LARRY, et al.,

                Defendants.

Case No. 25-cv-10630-TSH

**REPORT & RECOMMENDATION**

## I.    INTRODUCTION

On December 16, 2025, the Court granted Plaintiff John L. Davis's application to proceed in forma pauperis and screened the complaint, finding it deficient under 28 U.S.C. § 1915(e). ECF No. 5. Plaintiff has now filed a First Amended Complaint. ECF No. 9. Plaintiff has also filed a document titled "Federal Injunction Actions," which the Court construes as a motion for a preliminary injunction. ECF No. 4.

For the reasons stated below, the Court finds the complaint fails to state a claim on which relief may be granted under 28 U.S.C. § 1915(e). As not all parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), the Court requests this case be reassigned to a district judge for disposition. The undersigned **RECOMMENDS** the complaint be **DISMISSED WITHOUT LEAVE TO AMEND** and the motion for a preliminary injunction be **DENIED AS MOOT**.

## II.    BACKGROUND

In his original complaint, Plaintiff alleged a contractor named Larry engaged in intentional misconduct "using the social networking website." Compl. at 1, ECF No. 1. He accused Larry of

violating "all of my consultational [sic] rights" by "sending out false notification [sic] to people on public transportation system, an [sic] neighborhoods, stating that I am a sex offender looking for there [sic] children to have sex with them.  This is a ly [sic]." *Id.*  Plaintiff claimed he has "not had a sex offender case in 20 years or more," and that "Larry is telling people to assault me or kill me." *Id.* at 1-2.  Plaintiff further alleged Larry bets on Plaintiff's life every night to see if he can have him killed and has told Plaintiff he has no constitutional rights. *Id.* at 2.  He also accused Larry of having Plaintiff excommunicated from his church and "using technology to destroy my life." *Id.*  Plaintiff sought to have Larry's contractor privileges revoked and demanded $10 million in compensation for mental anguish, emotional distress, pain, and suffering. *Id.*  Plaintiff also requested that Larry be "put back in jail." *Id.*

In its December 16 screening order, the Court noted several issues with Plaintiff's complaint.  First, the caption listed Defendant(s) as follows:

Bivens

Contractor, Larry

er. al.

Compl. at 1.  Although it appeared that "Contractor, Larry" referred to a single defendant, the Court noted that Plaintiff did not explain if this is true in the body of his complaint.  Screening Order at 3.  As to "Bivens," the Court noted this may be a reference to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but this was the only reference to *Bivens* in Plaintiff's complaint. *Id.*

Second, the factual allegations themselves were unclear.  Although Plaintiff alleged Larry engaged in intentional misconduct "using the social networking website," he did not name the social network and did not clearly explain the alleged misconduct.  While Plaintiff alleged Larry sent out false notifications to people on a public transportation system, he did not name the system and did not explain how Larry sent the notifications.  While Plaintiff alleged Larry "has been using the technology to destroy my life," but he did not name the technology and did not explain how it was being used. *Id.* at 3-4.

Third, Plaintiff did not list any causes of action, and a putative defendant would not know

United States District Court
Northern District of California

2

where to begin in responding. *Id.* at 4.

Based on these issues, the Court directed Plaintiff to amend the complaint to allege: (1) the specific laws or rights that you think the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing, including the dates, the names of people involved, and what those people did to you; (3) how you were harmed; and (4) what relief you seek. *Id.*

The Court also noted that subject matter jurisdiction appeared to be lacking, as Plaintiff did not state the citizenship of the parties and he did not list any federal claims. *Id.* at 5. As such, the Court directed Plaintiff to explain how this Court has the power to decide his case. *Id.*

Plaintiff filed his amended complaint on January 9, 2026. He now names two defendants: (1) Attorney General Pam Bondi and (2) "Larry the subcontractor of the sex offender Watch Group." Plaintiff alleges a conspiracy under 42 U.S.C. § 1985 and a violation of his Fourteenth Amendment rights. First Am. Compl. at 2. Plaintiff alleges he "was being hunted, stocked [sic], threatened, harassed." *Id.* at 3. He alleges "Larry is using the sex offerend [sic] technology for the wrong reason. Betting on my life to see if he could have me Killed, or false notification, or have me assaulted." *Id.* He further alleges Larry "had me excommunicated from my church stating that I'm only going to church to masturbate in the restroom, an [sic] to have sex with there [sic] kids. This is a ly [sic]." *Id.* at 3-4. Plaintiff states he would "like to have Larry the contractor privileges revoked, plus $ million dollars in compensation for the mental anguish, emotions [sic] distress, pain & suffering damages. Plus have this criminal put back in jail." *Id.* at 6.

### III.    SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

#### A.    Legal Standard

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

United States District Court
Northern District of California

2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted). The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

## B.    Application

Having reviewed Plaintiff's amended complaint, the Court finds dismissal is appropriate because the allegations are frivolous. "'A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The definition of frivolousness "embraces not only the arguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning it "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 327). Frivolous claims include "'claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Id.* (quoting *Neitzke*, 490 U.S. at 328).

The Court finds Plaintiff's allegations are frivolous, such as claims he is being hunted, and that Larry had him excommunicated from his church based on allegations that he was masturbating in the restroom and going to church to have sex with kids. "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Denton*, 504 U.S. at 33. But "a finding of factual frivolousness is appropriate when the

United States District Court
Northern District of California

4

facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* As the Ninth Circuit has explained, frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007). Plaintiff's allegations are of such nature and are therefore subject to dismissal. *See, e.g., Spitters v. Miceli*, 2018 WL 6816110, at *5 (N.D. Cal. Sept. 24, 2018), *report and recommendation adopted*, 2018 WL 6822626 (N.D. Cal. Oct. 15, 2018) (dismissing as frivolous complaint where the plaintiff alleged the defendant was a super-spy and an assassin who was using a fabricated identity to "get at" him).

Because Plaintiff's complaint is frivolous and fails to state a claim, the undersigned recommends his complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

### IV.    MOTION FOR PRELIMINARY INJUNCTION

On December 12, 2025, Plaintiff filed a motion entitled "Federal Injunction Actions," asserting "Larry" would like to "hit me in the head with me in my head with [sic] hammer or Kill me" and arrange an assassination before plaintiff can "assert my U.S. Consultational [sic], an [sic] California Consultational [sic]. I PRAY FOR RELIEF." ECF No. 4. Plaintiff's filing "PRAY[s] for this Federal Injunction" and references "An Estoppel," but provides no other details. Although it was unclear what relief Plaintiff seeks, the Court construed the motion as a request for a preliminary injunction against contractor Larry and ordered Plaintiff to file a supplemental brief by January 15, 2026, explaining the relief he seeks and establish that his request meets all the factors set forth in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). ECF No. 8.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

United States District Court
Northern District of California

5

Here, Plaintiff has failed to respond to the Court's order and has therefore failed to establish he is entitled to a preliminary injunction. Regardless, as discussed above, the undersigned recommends this case be dismissed without leave to amend. Accordingly, the undersigned **RECOMMENDS** Plaintiff's "Federal Injunctions Actions" motion be **DENIED AS MOOT**.

## V.  CONCLUSION

The undersigned **RECOMMENDS** the Court **DISMISS** Plaintiff's complaint **WITHOUT LEAVE TO AMEND** and **DENY AS MOOT** Plaintiff's motion for "Federal Injunctions Actions."

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

The Court again encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO RECOMMENDED.**

Dated: February 2, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California